UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK HOWARD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 04-2922** |
| **NEW ORLEANS CRIMINAL DISTRICT COURT, STATE OF LOUISIANA** | **SECTION "I"(4)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an Evidentiary Hearing if necessary, and to submit Proposed Findings and Recommendations pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing. *Accord* Title 28 U.S.C. § 2254(e)(2).[1]

### I.   Factual and Procedural Background

Petitioner, Frederick Howard ("Howard"), is a state prisoner currently incarcerated in the West Carroll Detention Center in Epps, Louisiana. Howard filed this petition pursuant to Title 28 U.S.C. § 2241 challenging his release on good-time credits as if on parole, the subsequent revocation

---

[1] Under Title 28 U.S.C. § 2254(e)(2), the District Court may hold an Evidentiary Hearing only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by an exercise of due diligence, and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

of his release, and its affect on his current detention. The records provided by the State reflect that Howard was previously convicted in three separate criminal cases in Orleans Parish, one of which, Orleans Parish Criminal Case No. 370-118, led to the parole issues presented in this case. For reasons of thoroughness, the Court will summarize each case.

### A.     **Proceedings in the Orleans Parish Criminal Cases**

The record reflects that, on April 16, 1992, Howard was charged by Bill of Information in Orleans Parish Criminal Case No. 355-741 with possession of crack cocaine to which he pleaded guilty.[2] He was sentenced to two years in the custody of the Louisiana Department of Corrections ("DOC"). The court suspended the sentence and ordered him to serve four months in parish prison with credit for time served and placed him on two years active probation.[3]

On February 3, 1993, less than one year later and while on probation for the prior conviction, Howard was charged by Bill of Information in Orleans Parish Case No. 361-494 for possession of crack cocaine.[4] He entered a plea of guilty on March 3, 1993.[5] The state filed a multiple offender bill that same day to which he entered a guilty plea.[6] Again, although he was sentenced to three years in the custody of DOC, the sentence was suspended and he was placed on three years active probation.[7]

---

[2]St. Rec. Vol. 1 of 4, Bill of Information (No. 355-741), 4/16/92; St. Rec. Vol. 1 of 4, Waiver of Constitutional Rights Plea of Guilty (No. 355-741), 4/22/92.

[3]*Id*.; Sentence and Conditions of Probation (undated).

[4]St. Rec. Vol. 3 of 4, Bill of Information (No. 361-494), 2/3/93.

[5]St. Rec. Vol. 3 of 4, Waiver of Constitutional Rights Plea of Guilty (No. 361-494), 3/3/93.

[6]St. Rec. Vol. 3 of 4, Multiple Bill (No. 361-494), 3/3/93; St. Rec. Vol. 3 of 4, Waiver of Rights Plea of Guilty Multiple Offender (No. 361-494), 3/3/93.

[7]*Id*.; Sentencing Notice (No. 361-494), 3/3/93.

Shortly thereafter, on August 20, 1993, he resumed active probation on his first conviction.[8] This probation was later revoked on December 8, 1993, after he violated the conditions thereof.[9] He was ordered to serve two years in the custody of DOC with credit for time served.[10]

For some reason, however, Howard remained at large until his subsequent arrest on March 23, 1994, which resulted in his being charged as a felon in possession of a weapon.[11] Howard went to trial on the charge and was found guilty by a jury on March 9, 1995.[12] He was thereafter sentenced to eight years in the custody of DOC without benefit of parole, probation or suspension of sentence but with credit for 64 days of time served.

As a result of this conviction and sentence, Howard's probation in the second case was revoked and he was sentenced to three years in the custody of DOC which was to run consecutively to the eight year sentence.[13] He also was serving the unfinished sentence in the first case after his probation was revoked on December 8, 1993, because of the felon in possession arrest.

In the meantime, Howard's counsel appealed the third conviction, felon in possession of a weapon, to the Louisiana Fourth Circuit Court of Appeal alleging that the state failed to meet the burden of proof and that the trial court erred in denying a motion for mistrial.[14] Howard lodged two other pro se assignments of error alleging that the officer lacked probable cause to stop his vehicle

---

[8] St. Rec. Vol. 1 of 4, Minute Entry (No. 355-741), 8/20/93.

[9] St. Rec. Vol. 1 of 4, Minute Entry (No. 355-741), 12/8/93.

[10] *Id.*

[11] St. Rec. Vol. 1 of 4, Docket Master, entry dated 3/25/94; St. Rec. Vol. 2 of 4, Bill of Information (No. 370-118), 5/25/94.

[12] St. Rec. Vol. 2 of 4, Trial Minutes (No. 370-118), 3/9/95; Verdict Form, 3/9/95.

[13] St. Rec. Vol. 3 of 4, Minute Entry (No. 361-494), 6/21/95; Sentencing Notice (No. 361-494), 6/21/95.

[14] St. Rec. Vol. 2 of 4, Motion for Appeal, 4/10/95; Assignments of Error, 95-KA-1175, 11/16/95.

and that the trial court erred in admitting the testimony of the parole officer about the conditions of his parole which constituted other crimes evidence.[15]  The Louisiana Fourth Circuit affirmed the conviction and sentence on April 10, 1996, finding no merit to any of the claims raised.[16]

Howard filed a Writ Application with the Louisiana Supreme Court on August 7, 1996, seeking further review of his conviction.[17]  The Court denied the Application without reasons on August 27, 1997.[18]

### B.     Other Post-Conviction and Collateral Review

On October 11, 2000, Howard received a letter from Rhonda Kling, with DOC records, advising him that, at that time, he was serving a total sentence of 11 years, 10 months and nine days in connection with his sentences in the three criminal cases.  She further indicated that he was receiving good time credits in connection with the first two cases and was serving flat time in the third case.[19]  In another letter dated April 30, 2001, Ms. Kling further advised Howard of the following:

> Effective 7/1/82, when a prisoner committed to the Department of Corrections is released because of diminution of sentence pursuant to this part (LA R.S. 15:571.5 A(1)), he shall be released as if released on parole.
> Your current GTPS is 6/28/2001.  Upon discharge, you will be under parole supervision until your Full Term date of 6/17/2005.

---

[15]St. Rec. Vol. 2 of 4, 4th Cir. Opinion, 95-KA-1175, p. 9, 4/10/96.

[16]*Id.*, at p. 10; *State v. Howard*, 673 So.2d 371 (La. App. 4th Cir. 1996) (Table).

[17]St. Rec. Vol. 2 of 4, La. S. Ct. Letter, 96-KH-2047, 8/7/96.

[18]*State v. Howard*, 699 So.2d 53 (La. 1997); St. Rec. Vol. 2 of 4, La. S. Ct. Order, 96-KH-2047, 8/27/97.

[19]St. Rec. Suppl. Vol. 1 of 2, Memorandum, 10/11/00.

The record indicates that Howard was released on good-time credits as if on parole on June 28, 2001, in connection with his first and third convictions.[20] This type of parole release upon good time diminution of sentence is provided for in La. Rev. Stat. Ann. § 15:571.5.[21] Under Louisiana law, it is distinct from parole eligibility connected to the original sentence. *See Manuel v. Stalder*, 928 So.2d 24, 26-27 (La. App. 1st Cir. 2005); *State v. Pugh*, 906 So.2d 532, 535 (La. App. 1st Cir. 2005) (good-time release is not that same as parole); *see also*, *Malava v. State*, 2001 WL 630472 (E.D. La. June 6, 2001) (Schwartz, J.); *Frederick Howard v. Stalder*, 2005 WL 1330299 (W.D. La. May 31, 2005) (Report and Recommendation, Kirk, M.J.) (advising this plaintiff that his good-time parole release was not parole and was not unconstitutional).

Howard, however, was arrested in Jefferson Parish on November 20, 2002, on charges of two counts of possession of cocaine and as a felon carrying a concealed weapon.[22] After a hearing held on December 30, 2002, at which Howard was represented by counsel, it was recommended by the

---

[20]*See* St. Rec. Rec. 4 of 4, Violation Report, 1/24/03.

[21]La. Rev. Stat. Ann. §15:571.5 provides as follows:
A. (1) When a prisoner committed to the Department of Public Safety and Corrections is released because of diminution of sentence pursuant to this Part, he shall be released as if released on parole.
(2) At least three months prior to the anticipated release due to diminution of sentence, the secretary of the department shall notify the parole board and provide such information as is necessary to allow the board to establish such conditions as provided in R.S. 15:574.4(H) as may be reasonably necessary to facilitate supervision. If diminution of sentence is not prohibited by R.S. 15:571.3(C)(1) and the sentence is for a sexual offense as enumerated in R.S. 15:574.4(H)(2), then the provisions of R.S. 15:574.4(H)(2)(a) and (b) and (3) apply.
B. (1) Before any prisoner is released on parole upon diminution of sentence, he shall be issued a certificate of parole that enumerates the conditions of parole. These conditions shall be explained to the prisoner and the prisoner shall agree in writing to such conditions prior to his release on parole.
(2) The person released because of diminution of sentence pursuant to this Part shall be supervised in the same manner and to the same extent as if he were released on parole. The supervision shall be for the remainder of the original full term of sentence. If a person released because of diminution of sentence pursuant to this Part violates a condition imposed by the parole board, the board shall proceed in the same manner as it would to revoke parole to determine if the release upon diminution of sentence should be revoked.
C. If such person's parole is revoked by the parole board for violation of the terms of parole, the person shall be recommitted to the department for the remainder of the original full term.

[22]*Id*.

parole officer that Howard's good time parole be revoked because of his new arrest and numerous other parole violations.[23]

The Board of Parole revoked Howard's good-time parole on February 24, 2003, and directed him to serve the balance owed on all three sentences at the time of his good-time release.[24]

On May 22, 2003, Howard was sent a response from the Parole Board to a letter he apparently sent to that office but which is not contained in the record.[25] In this response, the Parole Board advised Howard that he was not eligible for parole because of his multiple offender status.[26]

On August 13, 2003, Howard filed a "Habeas Corpus Writ Combined with Mandamus Writ on Reconsideration of Illegal Sentence" in his first and third cases.[27] While this was pending, on November 3, 2003, Howard also filed a Writ Application in the Louisiana Fourth Circuit seeking a mandamus to compel the Orleans Parish Criminal District Court to rule on the merits of the "Habeas Corpus Writ Combined."[28]

---

[23]*Id.*; St. Rec. Suppl. Vol. 1 of 2, Opposition to Revocation of Parole and Response to Bill of Particulars (Nos. 355-741, 361-494, 370-118), undated.

[24]St. Rec. Vol. 4 of 4, Authority to Hold, 2/24/03.

[25]St. Rec. Suppl. Vol. 1 of 2, Letter from Parole Board, 5/22/03.

[26]*Id.*

[27]St. Rec. Vol. 1 of 4, Habeas Corpus Writ Combine with Mandamus Writ on Reconsideration of Illegal Sentence (Nos. 355-741, 370-118), 8/13/03.

[28]St. Rec. Vol. 4 of 4, 4th Cir. Writ Application, 2003-K-1938, 11/3/03.

While this Writ was pending, on November 25, 2003, Howard filed suit against the Secretary of the DOC in the Nineteenth Judicial District Court in Case No. 514,353.[29] In that petition, Howard complained that his sentence as a felon in possession was imposed as a flat-time, and his conviction as a felon in possession acted as a new punitive measure added to the multiple offender enhancement he received when his sentences were originally imposed upon him.

The Louisiana Fourth Circuit denied the pending mandamus application on January 7, 2004. Howard was directed to lodge his complaint contesting the calculation of his sentence with the Nineteenth Judicial District Court for the Parish of East Baton Rouge as required by La. Rev. Stat. Ann. § 15:571.15.[30]

On January 23, 2004, Howard was also given a response from the DOC regarding his Administrative Remedy Proceeding No. HDQ-2004-0388.[31] In this response, he was advised that he was not eligible for credit for time served on probation or on parole and that as a third offender, he was not eligible for parole or good time credits on the multiple offender sentence.[32] He was further instructed that "when released on diminution of sentence, you agreed to the conditions of your release. As a violator, you are required to serve the balance owed as of the date of the original release which is three years, eleven months, and nineteen days."[33]

---

[29]St. Rec. Suppl. Vol. 1 of 2, Notice of Filing, 11/25/03; St. Rec. Second Suppl. Vol. 2 of 2, Petition, No. 514,353, 11/25/03.

[30]St. Rec. Vol. 4 of 4, 4th Cir. Order, 2003-K-1938, 1/7/04.

[31]St. Rec. Suppl. Vol. 1 of 2, DOC Ruling (HDQ-2004-0388), 2/27/04.

[32]*Id.*

[33]*Id.*

On February 5, 2004, Howard filed an Application for Writ of Mandamus in the Louisiana First Circuit to compel the Nineteenth Judicial District Court to rule on the merits of his petition in Case No. 514,353.[34]  On March 8, 2004, the Court rejected the mandamus application and returned it to him because Howard failed to pay the fee or provide a pauper application and certified statement of his inmate account.[35]

That same day, March 8, 2004, a Judge of the Orleans Parish Criminal District Court finally dismissed Howard's pleading. The pleading entitled:  "Habeas Corpus Writ Combined" was dismissed on the basis that Howard was not in custody in Orleans Parish and the Writ was not the appropriate vehicle for the relief he sought.[36]

In the meantime, Howard also filed a second suit in the Nineteenth Judicial District Court on March 3, 2004, against the Secretary of the DOC in Case No. 517, 824.[37]  In that petition, Howard alleged that the DOC illegally extended the length of his sentence by returning him to complete time that he had already served on his various sentences.  He suggested that his good-time parole, revocation, and his incarceration were illegal.

Howard, less than one month later, filed two more Applications for Writ of Mandamus in the Louisiana First Circuit, on March 12, 2004, and April 2, 2004.  The Writs sought to compel a decision by the Nineteenth Judicial District Court on his two pending cases.[38]

---

[34]St. Rec. Second Supp. Vol. 1 of 2, 1st Cir. Writ Application, 2004-CW-0293, 2/5/04.

[35]St. Rec. Suppl. Vol. 2 of 2, 1st Cir. Order, 2004-CW-0293, 3/8/04.

[36]St. Rec. Vol. 1 of 4, Judgment, 3/8/04.

[37]St. Rec. Second Suppl. Vol. 2 of 2, Petition, No. 517,824, 3/3/04.

[38]St. Rec. Second Suppl. Vol. 1 of 2, 1st Cir. Writ Application, 2004-CW-0593, 3/12/04; St. Rec. Second Suppl. Vol. 1 of 2, 1st Cir. Writ Application, 2004-CW-0753, 4/2/04.

Less than two months after asking the appellate court to mandamus the district court, he filed a Writ Application with the Louisiana Supreme Court seeking to mandamus the appellate court and the district court.[39]

In the meantime, in separate orders issued June 18, 2004, the Louisiana First Circuit denied both of the Applications for Writ of Mandamus pending before it. The Court noted that the Nineteenth Judicial District Court had held a hearing on May 12, 2004 in Case No. 514,353 and that the Commissioner had issued a Screening Report in Case No. 517,824.[40]

On June 29, 2004, a Judge of the Nineteenth Judicial District Court dismissed Case No. 517,824, with prejudice.[41] The Court determined that Howard had failed to exhaust administrative remedies through the DOC and Parole Board. It further held that the Court lacked jurisdiction to consider his claims.

On July 30, 2004, a Judge of the Nineteenth Judicial District Court ruled in Case No. 514,353 that Howard's request for monetary damages be stricken. It further directed that the matter proceed as a request for habeas corpus relief from the decision to revoke the good-time parole.[42] The State thereafter filed the parole board records into the court's record on December 5, 2005.[43] The record reflects that the habeas claims are still pending for review by the State District Court.[44]

---

[39]St. Rec. Suppl. Vol. 1 of 2, La. S. Ct. Writ Application, 04-KH-1473, 6/14/04.

[40]St. Rec. Suppl. Vol. 2 of 2, 1st Cir. Order, 2004-CW-0593, 6/18/04; 1st Cir. Order, 2004-CW-0753, 6/18/04.

[41]Rec. Doc. No. 22, Screening Judgment and Commissioner's Screening Report, No. 517,824.

[42]Rec. Doc. No. 22, Judgment and Commissioner's Recommendation, No. 514,353.

[43]St. Rec. Second Suppl. Vol. 2 of 2, Notice of Compliance, 12/5/05.

[44]*See* St. Rec. Second Suppl. Vol. 2 of 2, Note from Clerk, 1/11/06.

Howard also filed with the Orleans Parish Criminal District Court a Motion to Correct Illegal Sentence in connection with first and third cases.[45] He alleged that his sentence constitute a double enhancement and that he was being illegally detained under an excessive sentence. The court denied the Motion on July 1, 2004, because the sentences were not illegal.[46]

On August 2, 2004, Howard filed a Writ Application with the Louisiana Fourth Circuit in which he sought review of the Orleans Parish Criminal District Court's denial of his Motion to Correct Illegal Sentence.[47] The Court denied the Application on September 7, 2004, finding no error in the Trial Court's ruling.[48] As noted by the certification provided from the Louisiana Supreme Court, he did not seek further review of these proceedings in the Louisiana Supreme Court.[49]

Thereafter, Howard filed a Writ Application in the Louisiana Supreme Court on August 31, 2004.[50] In this Application, Howard again complained that neither the Louisiana First Circuit or the Nineteenth Judicial District Court had ruled on the merits of his claims regarding the legality of his release as if on parole or his post-revocation sentence but instead had simply rejected his petitions. He requested that the Supreme Court review the claims in the interest of justice and due process.

Almost eight months later, on April 8, 2005, the Louisiana Supreme Court denied Howard's June 14, 2004, Application for Writ of Mandamus as moot because the court of appeal had acted by

---

[45]St. Rec. Vol. 4 of 4, Motion to Correct Illegal Sentence, copy undated.

[46]St. Rec. Vol. 4 of 4, Judgment (Nos. 355-741, 370-118), 7/1/04.

[47]St. Rec. Vol. 4 of 4, 4th Cir. Writ Application, 2004-K-1334, 8/2/04.

[48]St. Rec. Vol. 4 of 4, 4th Cir. Order, 2004-K-1334, 9/7/04.

[49]St. Rec. Vol. 4 of 4, Certification Letter, 11/23/04.

[50]Rec. Doc. No. 22, La. S. Ct. Writ Application, 2004-CI-2219, 8/31/04.

that time.[51] Several months later, on June 3, 2005, the Louisiana Supreme Court also denied Howard's August 31, 2004, Writ Application without reasons.[52]

## II. Federal Habeas Petition

In the midst of these state court proceedings, on November 2, 2004, Howard filed the instant federal habeas corpus petition pursuant to 28 U.S.C. §2241, challenging several aspects of his current detention.[53] Howard alleges that his sentences were "double enhanced" by the Orleans Parish Criminal District Court. He contends that each of his sentences were to be served without benefit of parole and he subsequently was released as if on parole. This, he claims, led to an unnecessary extension of his sentences.

He alleges that one day before his scheduled good-time release, he was forced to sign papers indicating that his release would be as if on parole. He claims that the sentencing judge never advised him about the parole when his flat-time sentences were imposed. He alleges that the good-time parole release was an illegal restraint on his liberty and his right to be free from unlawful servitude. He seeks an order to have his sentence vacated and for his immediate release.

In its original opposition response, the State argued that this is not the appropriate venue for Howard's petition and that he did not exhaust available state court remedies.[54] Upon its initial review, the Court determined that the records provided by the State were inadequate to address the exhaustion issue because the State failed to provide the records from the Nineteenth Judicial District

---

[51]*State ex rel. Howard v. State*, 899 So.2d 4 (La. 2005); St. Rec. Suppl. Vol. 1 of 2, La. S. Ct. Order, 2004-KH-1473, 4/8/05.

[52]*Howard v. Stalder*, 903 So.2d 446 (La. 2005).

[53]Rec. Doc. No. 1.

[54]Rec. Doc. No. 9.

Court or the Louisiana First Circuit. Consequently, on May 13, 2005, the Court ordered the State to supplement its response to provide more complete records from the State courts. The State filed its Supplemental Response on June 14, 2005, re-urging its suggestion that Howard failed to exhaust available state court and administrative remedies and arguing otherwise that Howard is not entitled to federal habeas corpus relief.

**III.   Venue**

The State alleged in its initial response that this Court is not the proper venue to consider Howard's challenges to the parole revocation and his resultant sentence. However, the State's challenge to venue is rejected for the following reasons.

Howard presents this Court with challenges appropriately brought pursuant to 28 U.S.C. § 2241. *Davis v. Fechtel*, 150 F.3d 486, 490 (5th Cir. 1998); *see also*, *Batiste v. State Bd. of Pardon and Parole*, 1999 WL 102027 at *1 (E.D. La. 1999) (quoting *King v. Lynaugh*, 729 F. Supp. 57, 58 (W.D. Tex. 1990)); *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (petitions under § 2241 are used to attack execution of a sentence); *Hall v. Saffle*, 10 Fed. Appx. 768, 2001 WL 589514 at **2 (10th Cir. May 31, 2001) (unpub.) (due process challenge to the execution of a sentence is properly considered under § 2241).[55]

Venue for petitions brought by convicted inmates like Howard is provided for in 28 U.S.C. § 2241(d):

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or

---

[55]*Accord Felker v. Turpin*, 518 U.S. 651 (1996) (challenges to judgments of conviction brought by state prisoners in state custody are to be brought pursuant to §2254); *Story v. Collins*, 920 F.2d 1247, 1250 (5th Cir. 1991) (A prisoner may bring a claim to receive good conduct time under §2254); *Medberry v. Crosby*, 351 F.3d 1049, 1059 (11th Cir. 2003) ("All" post-conviction claims by prisoners in custody pursuant to a state court judgment must be brought under §2254).

more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

At the time of the filing of this petition, Howard was being held in Richland Parish Detention Center. Howard was, however, convicted and sentenced in Orleans Parish. Orleans Parish is within the geographical jurisdiction of the Eastern District of Louisiana, which is therefore an appropriate venue for Howard to have filed this petition under the § 2241 venue provisions.

Furthermore, the United States Fifth Circuit Court of Appeals has held that, even when the challenge arises from Louisiana's parole revocation process which is reviewed under state law in the Nineteenth Judicial District Court and the Louisiana First Circuit, the District of conviction or confinement still prevails for venue purposes. *Carmona v. Andrews*, 357 F.3d 535 (5th Cir. 2004) (addressing venue for a § 2254 petition); *Carmona v. Andrews*, 95 Fed. Appx. 707 (5th Cir. Apr. 23, 2004) (applying same rule to a § 2241 petition). For these reasons, Howard's petition is properly brought before this Court.

## IV.    **Exhaustion of State Court Remedies**

The State initially raises the defense that Howard failed to exhaust state remedies before proceeding to this federal court. In his petition, Howard concedes that he has not completed exhaustion because his initial challenge has been pending in the Nineteenth Judicial District Court since March 3, 2004. He was unsuccessful in his efforts to gain a merits review of his claims from the Louisiana Supreme Court.

Although there is no reference to an exhaustion requirement in the statutory language of 28 U.S.C. § 2241(c)(3), a federal court should abstain from the exercise of its habeas jurisdiction if the issues raised in a petition may be resolved on the merits in the state court or by some other state procedures available to the petitioner. *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Greer v. St. Tammany Parish Jail*, 693 F. Supp. 502, 508 (E.D. La. 1988); *see also Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489-92 (1973). The exhaustion doctrine applied to § 2241(c)(3) is based on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process. *Dickerson*, 816 F.2d at 225.

Generally, the exhaustion requirement is satisfied only when all grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Within the context of a § 2241 action, this exhaustion requirement is obviated only if "special circumstances" exist. *Dickerson*, 816 F.2d at 225 (citing *Braden*, 410 U.S. at 489); *Tooten v. Shevin*, 493 F.2d 173, 177 (5th Cir. 1975).

### A.     **Available State Court Remedies**

Louisiana requires that challenges to the computation of a sentence and to parole related matters be brought first through the DOC's administrative grievance process. La. Rev. Stat. Ann. § 15:1176. Thereafter, the inmate can seek judicial review in the Nineteenth Judicial District Court for the Parish of East Baton Rouge as part of its required review process pursuant to La. Rev. Stat.

Ann. § 15:1177 and §15:571.15.[56] *See State ex rel. Bartie v. State*, 501 So.2d 260 (La. App. 1st Cir. 1986).

Pursuant to La. Rev. Stat. Ann. § 15:1177A(10), the inmate can appeal the decisions of the district court to the "appropriate court of appeal," which would be the Louisiana First Circuit Court of Appeal. La. Rev. Stat. Ann. §13:312(1). To complete the process, Louisiana law would allow him to seek supervisory review in the Louisiana Supreme Court. La. Code Civ. P. art. 2201; La. Code Crim. P. art. 922.

### B. Howard's Failure to Exhaust

The record demonstrates that, after his re-incarceration on February 24, 2003, Howard filed several pleadings with the Orleans Parish Criminal District Court and the Louisiana Fourth Circuit. However, he did not pursue relief in the Louisiana Supreme Court from those rulings.

The record also shows that Howard attempted to pursue relief through Louisiana's required judicial review process beginning with the Nineteenth Judicial District Court. He filed two suits in that Court. As outlined above, in Case No. 517,824, Howard's claims were dismissed for failure to exhaust administrative remedies regarding the calculation of his sentence. He sought no further review of that ruling.

The petition in Case No. 514,353 was construed in part as request for judicial review of the revocation of his good time parole. The record shows, and Howard concedes, that the court has not resolved the merits of his claims. His claims are therefore pending and remain unexhausted.

---

[56]La. Rev. Stat. Ann. § 15:571.15 further designates venue as to any challenge to a decision of the Parole Board: "Venue in any action in which an individual committed to the Department of Public Safety and Corrections contests the computation of his sentence or sentences, discharge, good time dates, or any action concerning parole shall be in the parish of East Baton Rouge. Venue in a suit contesting the actions of the Board of Parole shall be controlled by this Part and R.S. 15:574.2 and 574.11 and not by the Code of Criminal Procedure, Title XXXI-A, Post Conviction Relief, or Title IX, Habeas Corpus, regardless of the captioned pleadings stating the contrary."

In connection with the latter case, Howard has brought two unsuccessful Applications for Writ of Mandamus to the Louisiana First Circuit seeking orders to compel the Nineteenth Judicial District Court to rule on the merits of his petition.  His first such Application was rejected by the Louisiana First Circuit as procedurally deficient.  His second mandamus application was denied because the Nineteenth Judicial District Court had held a hearing in the case.

The hearing eventually resulted in the issuance of a Judgment by the Nineteenth Judicial District Court in which the judge determined that the case would proceed as one seeking habeas corpus review of the revocation of the good-time parole.  As noted above, this review remains pending before the Nineteenth Judicial District Court.

The record shows, however, that he has not sought nor has he had substantive review by the Louisiana First Circuit.  He has, however, filed one related Writ Application with the Louisiana Supreme Court, No.2004-CI-2219, in which he sought review of his the claims raised in Case No. 514,353 in light of the failure of the lower courts to do so.  That request was denied without reasons.

The filing of the Writ Application in the Louisiana Supreme Court is not, however, sufficient to establish exhaustion for purposes of federal habeas review.  The relief Howard sought from the Louisiana First Circuit was through applications for issuance of writs of mandamus to compel rulings on his lower court matters.  The federal courts do not consider a request for mandamus to be a properly filed application for post conviction relief under Louisiana law because it does not challenge the judgment of conviction or the sentence itself.  *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989) (writ of mandamus was not sufficient to exhaust state remedies citing La. Code Crim. P. art. 351 *et seq*.).  Therefore, a mandamus is not sufficient to establish exhaustion. *Id*., at 439; *Anderson v. Tex. Bd. of Pardons and Paroles*, 2006 WL 1875964 at *1 (S.D. Tex. July

5, 2006) (mandamus action filed in state court was not an application for habeas relief and did not establish exhaustion); *Tate v. Dretke*, 2005 WL 1949592 at *2 (S.D. Tex. Aug. 12, 1995) (application for mandamus does not satisfy the exhaustion requirement because it is not collateral review); *accord*, *Moore v. Cain*, 298 F.3d 361 (5th Cir. 2002) (mandamus is not a properly filed application for post conviction relief or other collateral review for purposes of tolling under the AEDPA). Consequently, the applications for mandamus relief in both the Louisiana First Circuit did not aid Howard in exhausting state remedies for purpose of federal habeas corpus review.

Furthermore, to the extent Howard intended to seek review of the merits of his claims in the Louisiana Supreme Court, he clearly did so by by-passing the lower and intermediate appellate courts, which had not been given an opportunity to completely review his claims. A claim presented for the first time to a state's highest court for discretionary review does not constitute exhaustion. *Castille v. Peoples*, 489 U.S. 346, 349-351 (1989); *Wood v. Dretke*, 386 F. Supp.2d 820 (W.D. Tex, 2005); *Brown v. Dretke*, 2004 WL 2793266 (W.D. Tex. Dec. 3, 2004); *Bagwell v. Cockrell*, 2003 WL 22723006 (W.D. Tex. Aug. 19, 2003). Exhaustion requires that the petitioner complete each step of the state's review process. Presenting the claim for the first time to the highest court does not satisfy exhaustion. *Id*. Howard therefore has not fully exhausted state court remedies.

### C.     **Inordinate Delay as an Exception to the Exhaustion Requirement**

In his petition, Howard requests that this Court consider reviewing his claims without requiring exhaustion since the state trial court has delayed ruling on his claims. If, for whatever reason, an applicant bypasses the state's appellate processes, the exhaustion requirement is not met, absent a showing of cause and prejudice, or a showing that the failure to consider his claims will

result in a fundamental miscarriage of justice. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993) (citing *Coleman v. Thompson*, 501 U.S. 722 (1991)).

Thus, the exhaustion requirement is excused only in those "rare cases where exceptional circumstances of peculiar urgency" mandate federal court interference. *Deters*, 985 F.2d at 795. These "exceptional circumstances" may exist when the state system inordinately and unjustifiably delays review of a petitioner's claims so as to impinge upon his due process rights and the delay is wholly and completely the fault of the State. *Id*.

"In determining whether a delay of a prisoner's appeal violates due process, this court looks to the factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530 (1972)." *Johnson v. Roberts*, 95 F.3d 48 (5th Cir. 1996) (Table, Text in Westlaw); *Mattox v. State*, 1999 WL 102028 (E.D. La. Feb. 26, 1999) (Duval, J.). The factors to be considered are: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant's assertion of his right; and (4) the prejudice to the defendant occasioned by the delay. However, "[u]ntil there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Barker*, 407 U.S. at 530.

In the instant case, the State provided the Nineteenth Judicial District Court with the required parole revocation record and an affidavit from the parole board some seven months prior to this writing.[57] This seven month delay after receiving the completed record is not indicative of the kind of delay recognized to be "inordinate" by the United States Fifth Circuit. *See Johnson*, 95 F.3d at 48 (referencing cases finding between over 12 to 20 months to be unacceptable delays). The Court also notes that Howard has not returned to the state courts to request a ruling after the ruling by the Nineteenth Judicial District Court or since the filing of the parole board documents.

---

[57]St. Rec. Second Suppl. Vol. 2 of 2, Notice of Compliance, 12/5/05.

18

In addition, Howard has not otherwise alleged any prejudice from the delay or a fundamental miscarriage of justice if this Court dismisses his current § 2241 petition for failure to exhaust. A fundamental miscarriage of justice requires a "colorable showing of factual innocence." *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986).

In this case, Howard has not shown that his parole is unconstitutional or that he would be successful on the merits of his claims. *See Frederick Howard v. Stalder*, 2005 WL 1330299 (W.D. La. May 31, 2005) (Report and Recommendation, Kirk, M.J.), *adopted*, No. 05-CV-0489 (W.D. La., July 14, 2005) (Judgment dismissing petition with prejudice for lack of merit), *appeal dismissed*, No. 05-30846 (5th Cir. Jan. 24, 2006); *see also*, *Brown v. Lynn*, 1990 WL 111083 (E.D. La. July 27, 1990) (Mentz, J.). Furthermore, Federal habeas law recognizes that a state prisoner has no constitutionally protected liberty interest in diminution of or release prior to the expiration of a valid sentence. *Brown*, 1990 WL 111083 at *4 (citing *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1 (1979)).

Additionally, under Louisiana law, release "as if on parole" with good-time credits is distinct from parole eligibility. *Id*. The State is therefore free to fashion the manner under which it may be granted, including restrictions similar to parole. *Id*. (citing *McGhee v. Belisle*, 501 F. Supp. 189 (E.D. La. 1980)). Thus, Howard has not demonstrated prejudice arising from the current delay in review of his claims or that a fundamental miscarriage of justice will occur if this Court requires him to exhaust.

For these reasons, there is no need for this Court to excuse the exhaustion requirement.

**D.     Conclusion**

Howard concedes that he has not exhausted state court remedies. The interests of comity recognized in both *Braden* and *Dickerson* would best be served by requiring Howard to present his claims to the state's highest court in a procedurally proper manner. There are no apparent special circumstances to warrant federal review under § 2241 and Howard has failed to allege any. Therefore, Howard's claims should be dismissed without prejudice for failure to exhaust state court remedies.

It is therefore **RECOMMENDED** that the consolidated petitions of Frederick Howard for issuance of a writ of habeas corpus under 28 U.S.C. § 2241 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this \_\_15th\_\_ day of \_\_\_August_____, 2006.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**